IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSEPH G. COBB, ) | Civil Action No. 3:08-1804-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LARRY W. POWERS, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____ ) | |

This action was filed by the pro se Plaintiff on May 6, 2008.[1] Defendant is Larry Powers, the director of the Spartanburg County Detention Facility ("SCDF"). Plaintiff is a pretrial detainee at the SCDF. Defendant filed a motion for summary judgment on August 20, 2008. Because Plaintiff is proceeding pro se, he was advised on August 22, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on September 10, 2008.

**DISCUSSION**

Plaintiff alleges claims concerning medical care, access to the courts, and his living conditions. Defendant contends that he is entitled to summary judgment because he fails to state a constitutional deprivation sufficient for recovery under 42 U.S.C. § 1983 and he is entitled to qualified immunity.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d) and (e), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

**1.   Medical Claims**

Plaintiff appears to allege that Defendant has been deliberately indifferent to his serious medical needs. He claims that he requested emergency medical treatment for his right eye, but has not had his need addressed. Plaintiff also claims that he medically needs a different bed because he suffers from back pain and a bone deteriorating disease, but his request was denied. Defendant contends that the medical records show that the staff of the SCDF used numerous resources to treat Plaintiff and provided treatment in a quick and timely manner.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[2] The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

---

[2] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that

> he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendant was deliberately indifferent to any of his serious medical needs. Judy Collins, a registered nurse and the nursing supervisor at the SCDF, states that she has reviewed Plaintiff's medical records and he received medical treatment from SCDF staff when requested. She states that on March 21, Plaintiff began to complain about needing glasses and having trouble reading. He did not possess any glasses upon his incarceration to the SCDF. Plaintiff was placed on the SCDF eye list. Collins states that SCDF contracts with an outside eye specialist to treat eye problems. As this is a contract service and there was no apparent emergency, Plaintiff had to wait his turn to be examined by the eye doctor. On July 21, Cobb was evaluated by the eye doctor and prescribed glasses, which were provided to him. Collins Aff., Paras. 1, 3-5 and Ex. A.

Collins states that on March 19, 2008, Plaintiff complained that he had back trouble and wanted an extra mattress. Dr. Salvatore Bianco, the contract physician at the SCDF, reviewed and denied Plaintiff's request, finding no medical need for an extra mattress. Collins Aff., Para. 6 and Ex. B. Powers states that Plaintiff made no request or grievance regarding his sleeping arrangements or a transfer to a different cell. Powers Aff., Para. 9.

### 2.    **Conditions of Confinement/ETS**

Plaintiff appears to allege that he was subjected to cruel and unusual punishment because he is exposed to second-hand or environmental tobacco smoke ("ETS") from his cellmates

who smoke. He claims that his requests to be housed in a smoke-free environment have gone unanswered. Plaintiff also alleges that the SCDF puts inmates in harm because healthy inmates are housed with inmates who have AIDs, Tuberculosis, Hepatitis, and Staph. Complaint at 4. Defendant contends that Plaintiff fails to show any injury as a result of the alleged conditions.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Plaintiff has made no specific allegations or shown any injury as a result of the alleged housing of sick inmates with healthy inmates.[3]  Defendant states that inmates with contagious diseases or infections are single-celled by themselves and are not placed with the general population. He states that SCDF makes every effort to ensure that the facility is properly maintained and ventilated.  Contractor AAA Environmental periodically tests the SCDF for staph and other infectious bodies and collects air samples for humidity levels, smoke/nicotine levels, and airflow. An indoor air evaluation performed on May 13, 2008 fell within all of the suggested guidelines for carbon dioxide and air quality.  Powers Aff., Paras. 8 and 11 and Ex. C.

Exposure to secondary ETS may state an Eighth Amendment claim, even if medical problems are not yet evident. Helling, 509 U.S. at 32.  In Helling, the United States Supreme Court determined that an inmate has a right to be free from an unsafe, life-threatening condition even where no harm has yet resulted.  To prove an Eighth Amendment violation, a plaintiff must demonstrate two objective elements: (1) he is being exposed to unreasonably high levels of ETS, and (2) that the exposure violates current standards of decency. Id. at 36.  Plaintiff must also prove a subjective element: that the defendants are deliberately indifferent to his exposure to this risk. Id.

Plaintiff has not shown that he was exposed to unreasonably high levels of ETS and that this violated currently standards of decency.  See, e.g., Oliver v. Deen, 77 F.3d 156 (7th Cir. 1996)

---

[3]To the extent that Plaintiff is attempting to assert claims for any other detainees, his claims fail. See Laird v. Tatum, 408 U.S. 1 (1972).  See also Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981 )(a prisoner cannot act as a "knight-errant" for others).  Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

(inmate who was housed with a smoking roommate failed to show the objective part of an ETS Eighth Amendment violation where his medical problem, asthma, was mild and the only evidence presented of a causal relationship between his condition and smoke was a few general news articles which indicated that smoke could aggravate asthmatic condition); Simmons v. Sager, 964 F. Supp. 210, 213 (W.D. Va. 1997) (plaintiff failed to show that his prison conditions exposed him to level of ETS that society would not tolerate where he did not demonstrate any specific health problems aggravated by his exposure to ETS).

Even if Plaintiff could establish the objective component of his Eighth Amendment claim, he fails to show that Defendant was deliberately indifferent to harm to him from ETS. Defendant states that smoking is prohibited in the inside common areas and inside the individual cells at the SCDF.[4] He states that because of security and safety concerns, no inmate is allowed to have in his possession matches, lighters, or any other item used to ignite a fire for the purposes of smoking. Inmates caught smoking inside the facility lose all of their smoking privileges and can be subjected to further disciplinary action. Defendant states that Plaintiff never filed a grievance about second-hand smoke. Powers Aff., Paras. 6-7 and Ex. B. On June 23, 2008, the medical staff at SCDF received a request from Plaintiff that "no smoking" inmates be placed in his cell. Collins states that Plaintiff reported that there were no smokers placed with him at that time, such that she determined that no action needed to be taken. Collins Aff., Para. 7 and Ex. C.

To the extent that Plaintiff is attempting to assert a claim for negligence under § 1983, his claim fails. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v.

---

[4]Inmates can smoke in designated outside common areas of the SCDF.

Williams, 474 U.S. 327, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995).

### 3. Access to the Courts

Plaintiff appears to allege that he has been denied access to the courts because the SCDF does not have a law library and would not get him the materials he requested to help him prepare his case. Defendant contends that Plaintiff fails to state a specific injury resulting from the alleged denial of access to the courts.

In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. The decision merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989); Strickler v. Waters, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993). A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. Lewis, 518 U.S. at 353-54.

Plaintiff fails to show that his access to the courts has been violated as he has not shown any actual injury such as the late filing of a court document or the dismissal of an otherwise meritorious

claim resulting from Defendant's alleged actions.  See Bounds v. Smith and Lewis v. Casey, supra. Defendant provides that there are procedures, which are made clear to every inmate, for requesting legal materials such as cases and statutes and that Plaintiff could receive legal documents from his attorney at all times.  He also states that Plaintiff received his requested copies and writing materials to prepare legal documents and that no SCDF employee interfered in any fashion with Plaintiff's preparation or filing of legal documents.  See Powers Aff., Para. 10 and Ex. D.

### 4. **Qualified Immunity**

Defendant contends that he is entitled to qualified immunity.  The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged."  Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent."  As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995).  As discussed above, Plaintiff fails to show that Defendant violated any of his clearly

9

established constitutional or statutory rights. Therefore, Defendant is entitled to qualified immunity in his individual capacity.

## **CONCLUSION**

Based on review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 14) be **granted**.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

October 31, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).